1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  Joyce Dempsey, individually, and              No. 2:21-cv-02300-KJM-DB
    on behalf of other members of the
12  general public similarly situated,            ORDER

13                         Plaintiff,

14          v.

15  Raley's, a California corporation, and Does 1
16  through 100,

17                         Defendants.

18  Joyce Dempsey and Sylvia Redding             No. 2:21-cv-02354-KJM-DB
    individually, and on behalf of other members of
19  the general public similarly situated,        ORDER

20                         Plaintiffs,

21          v.

22  Raley's, a California Corporation, et al.,

23                         Defendants.

24

25

26          Joyce Dempsey and Sylvia Redding bring these related employment class actions.

27  Plaintiffs move to remand both matters to state court.  The defendant opposes.  Given that the

28  motions require the court to engage in the same legal analysis, the court resolves both in this

                                            1

1    order.  Because the defendant's removal was untimely, as explained below, the **court grants the**

2    **motions**.

3    **I.       BACKGROUND**

4           Plaintiffs Joyce Dempsey and Sylvia Redding were employees of defendant Raley's.

5    Compl. ¶ 7, Not. of Removal Ex. A, ECF No. 1-3; Redding Compl. ¶ 8, Not. of Removal Ex. A,

6    ECF No. 1-2.[1]

7           In August 2021, Dempsey filed her class action complaint in Yolo County Superior Court,

8    alleging ten claims: (1) violation of California Labor Code sections 510 and 1198; (2) violation of

9    California Labor Code sections 226.7 and 512(a); (3) violation of California Labor Code section

10   226.7; (4) violation of California Labor Code sections 1194, 1197, and 1197.1; (5) violation of

11   California Labor Code sections 201 and 202; (6) violation of California Labor Code section 204;

12   (7) violation of California Labor Code section 226(a); (8) violation of California Labor Code

13   section 1174(d); (9) violation of California Labor Code sections 2800 and 2802; (10) violation of

14   California Business & Professions Code sections 17200, *et seq*.  *See generally* Compl.  About a

15   month later, Redding and Dempsey jointly filed a separate class action in Sacramento County

16   Superior Court, alleging the same violations of the California Labor Code.  *See generally*

17   Redding Compl.

18          Raley's was personally served Dempsey's first complaint on October 7, 2021.  Not. of

19   Removal ¶ 2, ECF No. 1; Summons, Not. of Removal Ex. B, ECF. No. 1-4.  It was then served

20   with the second complaint on October 29, 2021.  Redding Not. of Removal ¶ 2, ECF No. 1.  After

21   receiving the complaints, counsel for Raley's conducted an investigation and "requested that

22   Raley's provide" him with copies of any Collective Bargaining Agreements (CBAs) between

23   Raley's and its employees.  Jackson Decl. ¶ 9, ECF No. 1-2.  "On November 18, 2021, [counsel]

24   received and t[hen] reviewed copies of multiple CBAs between Raley's and various labor

---

[1] As the same parties and allegations are at the center of the two cases, most of the relevant documents filed are identical.  For ease of citation, the court cites to the docket of the Dempsey case, 21-cv-02300, as the default and includes citations to the docket of the case also naming Redding as a plaintiff, 21-cv-02354, when necessary to account for factual and procedural differences between the cases.

1    unions." *Id.*  Each of the four agreements covers potential class members and went into effect at

2    least two years before plaintiffs filed these lawsuits.  *See* California Pharmacist Agreement, Not.

3    of Removal Ex. D, ECF No. 1-6 (effective Jan. 28, 2017); Bakery, Confectionery, Tobacco

4    Workers and Grain Millers Agreement, Not. of Removal Ex. E, ECF No. 1-6 (effective Feb. 25,

5    2012); Chauffeurs, Teamsters, and Helpers Agreement, Not. of Removal Ex. F, ECF No. 1-7

6    (effective June 2, 2016);[2] Raley's Food and Meat Agreement, Not. of Removal Ex. G (effective

7    Oct. 12, 2014).  Defendant removed the Dempsey action to this court on December 13, 2021 and

8    the Redding action three days later.  *See generally* Not. of Removal; Redding Not. of Removal.

9    Defendant asserts federal question jurisdiction exists based on Labor Management Relations Act

10   (LMRA) § 301 preemption.

11          Dempsey and Redding move to remand.  Mot., ECF No. 6; Redding Mot., ECF No. 7.

12   Defendant opposes, Opp'n, ECF No. 8; Redding Opp'n ECF No. 12, and plaintiffs did not file a

13   reply in either case.  The court submitted the matter on the papers.  Min. Order, ECF No. 13.

14   **II.    LEGAL STANDARD**

15          District courts have original jurisdiction over "all civil actions arising under the

16   Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A defendant may remove

17   a matter to federal court if the district court would have original jurisdiction.  *See* 28 U.S.C.

18   § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987).  "The removing defendant

19   bears the burden of overcoming the 'strong presumption against removal jurisdiction.'"  *Hansen*

20   *v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citation omitted).  "The strong

21   presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of

22   remand to state court."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

23          District courts assess removals based on federal question jurisdiction, as here, under the

24   well-pleaded complaint rule.  *Id*.  A well-pleaded complaint must present a federal question on

25   the face of the plaintiff's complaint.  *Caterpillar, Inc.*, 482 U.S. at 398–99.  Generally, removal is

---

[2] The Redding docket includes two updated CBAs.  *See* Bakery, Confectionery, Tobacco Workers and Grain Millers Agreement, Not. of Removal Ex. E, ECF No. 1-6 (effective Sep't 20, 2018); Chauffeurs, Teamsters, and Helpers Agreement, Not. of Removal Ex. F, ECF No. 1-7 (effective June 2, 2019).

1    improper when it is grounded in a federal defense. *Id*. at 399. "Notwithstanding this rule, when a

2    federal statute wholly displaces state law and provides the exclusive cause of action for a

3    plaintiff's requested relief, we must 'recharacterize a state law complaint . . . as an action arising

4    under federal law.'" *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1034 (9th

5    Cir. 2014). Federal question jurisdiction thus exists when a federal law "completely preempts" a

6    state cause of action. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S.*

7    *California*, 463 U.S. 1, 24 (1983).

8    **III.    ANALYSIS**

9         Although the pending motions are filed in two different cases, the arguments in the

10   briefing papers are nearly identical. To resolve each motion, the court need only address the

11   parties' arguments related to the timeliness of removal. A defendant must file a notice of removal

12   within thirty days of learning the matter is removable. *Durham v. Lockheed Martin Corp.*,

13   445 F.3d 1247, 1250 (9th Cir. 2006); 28 U.S.C. § 1446(b). A "defendant's subjective knowledge

14   cannot convert a non-removable action into a removable one" such that the thirty-day clock starts

15   before the defendant receives something providing a viable basis for removability. *Roth v. CHA*

16   *Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013). "[S]ection 1446(b) identifies

17   two thirty-day periods for removing a case. The first thirty-day removal period is triggered 'if the

18   case stated by the initial pleading is removable on its face.'" *Carvalho v. Equifax Info. Servs.*,

19   *LLC*, 629 F.3d 876, 885 (9th Cir. 2010) (citation omitted). "The second thirty-day removal

20   period is triggered if the initial pleading does not indicate that the case is removable, and the

21   defendant receives 'a copy of an amended pleading, motion, order or other paper' from which

22   removability may first be ascertained." *Id*. (quoting 28 U.S.C. § 1446(b)).

23        "[T]he record of the state court is considered the sole source from which to ascertain

24   whether a case originally not removable has since become removable." *Peabody v. Maud Van*

25   *Cortland Hill Schroll Trust*, 892 F.2d 772, 775 (9th Cir. 1989). "[O]ther paper" is generally

26   interpreted as something "generated within the state court litigation," not a document that was

27   made by the defendant or otherwise already in the defendant's possession prior. *Rose v. Beverly*

28   /////

4

1    *Health & Rehab. Servs., Inc.*, No. 1:06-67, 2006 WL 2067060, at *5 (E.D. Cal. July 22, 2006);

2    *Rossetto v. Oaktree Cap. Mgmt., LLC*, 664 F. Supp. 2d 1122, 1129 (D. Haw. 2009).

3              Here, defendant removed well after the thirty-day window closed following its receipt of

4    the complaints.  Mot. at 7; Redding Mot. at 6–7.  However, defendant argues federal jurisdiction

5    was not evident from the face of the complaints because this court's jurisdiction over both cases

6    is premised on the preemptive power of the LMRA, and the "complaint[s] ma[de] no mention of a

7    CBA or that potential class members were unionized. . . ."  Opp'n at 3–4; *see also* Redding Mot.

8    at 2.  While the face of the complaints does not necessarily signal federal jurisdiction, defendant

9    had in its possession documents that did: the relevant CBAs it had entered into with its unionized

10   employees.  Counsel obtained the CBAs from defendant as his client, Jackson Decl. ¶ 9, and

11   removal was based on those documents alone.  Defendant had a chance to "promptly

12   investigate[ ] to determine whether the case[s] w[ere] removable" within thirty days of receiving

13   the complaints but did not do so.  *See Roth*, 720 F.3d at 1126.  And nothing indicates the CBAs

14   were generated through the state court litigation.  Rather, the CBAs were prepared years before

15   plaintiffs filed their complaints, meaning these agreements do not fall into the category of "other

16   paper," which "does not include any document received prior to receipt of the initial pleading."

17   *Carvalho*, 629 F.3d at 886 (discussing a settlement proposal).  As the Ninth Circuit has

18   "conclude[d] that any document received prior to receipt of the initial pleading cannot trigger the

19   second thirty-day removal period," *id.*, the court finds the CBAs created prior to the initial

20   pleading cannot trigger a second thirty-day period.

21              Because the defendant did not remove within thirty days of receiving the complaints and

22   did not receive any "other paper" that provided a previously unascertainable basis for federal

23   jurisdiction, the court finds the removal was untimely.  The court will remand both matters to

24   state court, which has concurrent jurisdiction.  *Hemberger v. Safeway, Inc.*, No. 18-4252,

25   2018 WL 4586355, at *3 (N.D. Cal. Sept. 25, 2018) ("[I]n [*Charles Dowd v. Courtney,* 368 U.S.

26   502, 509 (1962)], the Supreme Court held that Section 301 does not divest a state court of

27   jurisdiction over clams related to bargaining agreements and, accordingly, established concurrent

28   state court jurisdiction for such claims."); *Sciborski v. Pac. Bell Directory*, 205 Cal. App. 4th

1   1152, 1163 (2012) (noting "although state courts have concurrent jurisdiction . . ., the substantive

2   law governing union-management labor relations is exclusively federal").

3   **IV.     CONCLUSION**

4           The court **grants the motion to remand (ECF No. 6)** in *Dempsey v. Raley's* et al, 2:21-

5   cv-02300-KJM-DB.  The court also **grants the motion to remand (ECF No. 7)** in *Dempsey et*

6   *al. v. Raley's*, 2:21-cv-02354-KJM-DB.  The court remands both matters to state court.

7           The Clerk of Court is directed to close both cases.

8           IT IS SO ORDERED.

9   DATED:  April 25, 2022.

10  _____

11                          CHIEF UNITED STATES DISTRICT JUDGE